

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Daniel Shapiro*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

*Direct Dial: (973) 353-6087*
*Facsimile: (973) 297-2045*

October 24, 2016

Lorraine Gauli-Rufo, Esq.
130 Pompton Avenue
Verona, NJ 07044

*15-626-1*

Re:   Plea Agreement with TIMOTHY LIVINGSTON

Dear Ms. Gauli-Rufo:

This letter sets forth the plea agreement between your client, TIMOTHY LIVINGSTON, and the United States Attorney for the District of New Jersey ("this Office"). This plea offer will expire if TIMOTHY LIVINGSTON's plea is not formally entered by November 2, 2016.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from TIMOTHY LIVINGSTON, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to Counts One, Two and Six of the Superseding Indictment, Cr. 15-626 (WJM). Count One charges defendant with conspiring to commit fraud and related activity with computers, contrary to Title 18, United States Code, Sections 1030(a)(4), 1030(c)(3)(A); Title 18, United States Code, Sections 1030(a)(5)(A), 1030(c)(4)(A)(i)(VI), and 1030(c)(4)(B); and Title 18, United States Code, Sections 1029(a)(2) and 1029(c)(1)(a)(i), all in violation of Title 18, United States Code, Section 371. Count Two charges defendant with conspiring to commit fraud and related activity in connection with electronic mail, in violation of Title 18, United States Code, Sections 1037(a)(1), 1037(a)(3), 1037(a)(4), 1037(b)(2)(A), 1037(b)(2)(C), 1037(b)(2)(D), and 1037(b)(2)(E). Count Six charges defendant with aggravated identity theft, in violation of Title 18, United States Code, Section 1028A(a)(1) and 2.

If TIMOTHY LIVINGSTON enters a guilty plea and is sentenced to a term of incarceration of 48 months, 24 months on each of Counts One and Two to

run concurrently, and 24 months on Count Six to run consecutively, 3 years of supervised release, and otherwise complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against TIMOTHY LIVINGSTON for the activities described in the Superseding Indictment Cr. 15-626 (WJM) and will dismiss Counts Three, Four, and Five of the Superseding Indictment. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, TIMOTHY LIVINGSTON agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by TIMOTHY LIVINGSTON may be commenced against him, notwithstanding the expiration of the limitations period after TIMOTHY LIVINGSTON signs the agreement.

Should the Court at any time reject the plea under Federal Rule of Criminal Procedure 11(c)(1)(C) or act contrary to its terms, either party may elect to be relieved of the terms of this plea and the parties will be returned to the status prior to the entry of the plea.

Sentencing

The violation of 18 U.S.C. § 371 in Count One of the Superseding Indictment, to which TIMOTHY LIVINGSTON agrees to plead guilty carries a statutory maximum term of 5 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The violation of 18 U.S.C. § 1037 in Count Two of the Superseding Indictment, to which TIMOTHY LIVINGSTON agrees to plead guilty carries a statutory maximum term of 3 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The violation of 18 U.S.C. § 1028A in Count Six of the Superseding Indictment, to which TIMOTHY LIVINGSTON agrees to plead guilty carries a statutory mandatory minimum term of 24 months imprisonment, which term of imprisonment <u>must</u> run consecutively to any other prison terms imposed, and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on TIMOTHY LIVINGSTON, the sentencing judge: (1) pursuant to 18 U.S.C. § 3013, will order TIMOTHY LIVINGSTON to pay an assessment of $100 per count, which assessment must be paid by the date of sentencing; (2) pursuant to 18 U.S.C. § 3663 et seq., must order TIMOTHY LIVINGSTON to pay restitution; (3) pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461, must order forfeiture; and (4) pursuant to 18 U.S.C. § 3583, may require TIMOTHY LIVINGSTON to serve a term of supervised release of not more than three years on Counts One and Two and not more than one year on Count Six, which terms of supervised release will begin at the expiration of any term of imprisonment imposed. Should TIMOTHY LIVINGSTON be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, TIMOTHY LIVINGSTON may be sentenced to not more than two years' imprisonment on Counts One and Two and not more than 1 year imprisonment on Count Six, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office and TIMOTHY LIVINGSTON agree that a sentence of 48 months' incarceration, 24 months on each of Counts One and Two to run concurrently, and 24 months on Count Six to run consecutively, and three years of supervised release, is reasonable under 18 U.S.C. § 3553(a) and is the appropriate disposition of this case. Accordingly, if the Court accepts this plea agreement, TIMOTHY LIVINGSTON must be sentenced to a term of incarceration of 48 months and three years of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on TIMOTHY LIVINGSTON by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of TIMOTHY LIVINGSTON's activities and relevant conduct with respect to this case.

Stipulations

This Office and TIMOTHY LIVINGSTON agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a

part of this plea agreement. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of any such fact or conclusion. Moreover, this agreement to stipulate to Stipulations 1a. through e. in Schedule A is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with stipulations 1a. through e. in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or TIMOTHY LIVINGSTON from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the Court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, TIMOTHY LIVINGSTON knowingly and voluntarily waives the right to file any appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the conviction or sentence imposed by the Court if the plea is accepted and the sentence is imposed in accordance with the terms of this agreement. This Office will not file any appeal, motion or writ which challenges the conviction or sentence imposed by the Court if that sentence is imposed in accordance with the terms of this agreement. Furthermore, if the Court accepts the terms of this plea agreement, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the Court erred in doing so.

## Forfeiture

As part of his acceptance of responsibility, TIMOTHY LIVINGSTON agrees to forfeit to the United States (i) pursuant to 18 U.S.C. §§ 982(a)(2)(B) 1037(c)(1)(A) and 1030(i), any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of the offenses charged in Counts One and Two of the Superseding Indictment; and (ii) pursuant to 18 U.S.C. §§ 1030(i) and 1037(c)(1)B), any property that was used or intended to be used to commit or to facilitate the commission of the offenses charged in Counts One and Two of the Superseding Indictment. Such property includes, but is not limited to, the following:

1.   All of the defendant TIMOTHY LIVINGSTON's right, title and interest in the property listed below (the "Specific Property"), which TIMOTHY LIVINGSTON admits has the requisite nexus to the computer fraud offenses

4

charged in Counts One and Two of the Superseding Indictment, and therefore is forfeitable to the United States of America pursuant to 18 U.S.C. §§ 982(a)(2)(B), 1030(i), and 1037(c)(1)(B):

 (a) The contents of Scottrade Inc. account number ending in 8422 held in the name of Timothy E. Livingston, which was seized pursuant to a seizure warrant on or about July 27, 2015;

 (b) The contents of Wells Fargo account number ending in 6185 held in the name of Timothy Livingston, which was seized pursuant to a seizure warrant on or about July 27, 2015;

 (c) The contents of Wells Fargo account number ending in 4593 held in the name of A Whole Lot of Nothing, LLC, which was seized pursuant to a seizure warrant on or about July 27, 2015;

 (d) The contents of Wells Fargo account number ending in 9783 held in the name of A Whole Lot of Nothing, LLC, which was seized pursuant to a seizure warrant on or about July 27, 2015;

 (e) The contents of Wells Fargo account number ending in 9855 held in the name of Timothy Livingston, which was seized pursuant to a seizure warrant on or about July 27, 2015;

 (f) One 2009 Cadillac Escalade, which was seized pursuant to a seizure warrant on or about July 27, 2015;

 (g) One 2006 Ferrari F430 Spider, which was seized pursuant to a seizure warrant on or about July 27, 2015;

 (h) All the computers, media storage devices, mobile phones and tablets listed in Schedule B to this agreement, which were seized pursuant to a search warrant on or about July 27, 2015 and December 15, 2015.

and all property traceable to such property, (hereinafter referred to collectively as the "Specific Property").

 Based on the foregoing, TIMOTHY LIVINGSTON consents to the entry of a forfeiture money judgment in the amount of $1,346,442 in United States currency (the "Money Judgment"). Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, TIMOTHY LIVINGSTON consents to the entry of a judgment of forfeiture that will be final as to the Money Judgment prior to TIMOTHY LIVINGSTON's sentencing. Payments on the Money Judgment shall be made by certified or bank check, with the criminal docket number noted on the face of the check, payable to the United States Marshals Service, and

delivered to the United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102, Attention; Asset Forfeiture and Money Laundering Unit.

Based on the foregoing, TIMOTHY LIVINGSTON consents to the entry of Preliminary Orders of Forfeiture and Interlocutory Orders of Sale as to the Specific Property pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure. TIMOTHY LIVINGSTON further consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 981 and/or 982. TIMOTHY LIVINGSTON agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent TIMOTHY LIVINGSTON has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are hereby deemed withdrawn. TIMOTHY LIVINGSTON further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States Marshals Service and the execution of all necessary documentation.

Any forfeited money and the net proceeds derived from the sale of any forfeited specific property will be applied to the Money Judgment until the Money Judgment is satisfied in full.

TIMOTHY LIVINGSTON waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. TIMOTHY LIVINGSTON understands that the imposition of the Money Judgment and the forfeiture of the Specific Property, as well as any additional specific property that may be identified subsequent to the date of this agreement, is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of TIMOTHY LIVINGSTON's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. TIMOTHY LIVINGSTON hereby waives any and all claims that the forfeiture constitutes an excessive fine and agrees that the forfeiture does not violate the Eighth Amendment.

TIMOTHY LIVINGSTON represents that he has disclosed all of his assets to the United States on the Financial Disclosure Statement he submitted to the Office. TIMOTHY LIVINGSTON agrees that if this Office determines that TIMOTHY LIVINGSTON has intentionally failed to disclose assets on that Financial Disclosure Statement, that failure constitutes a material breach of this agreement. In addition, TIMOTHY LIVINGSTON consents to the

administrative, civil, and/or criminal forfeiture of his interests in any assets that he failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that TIMOTHY LIVINGSTON owns or in which TIMOTHY LIVINGSTON has an interest be discovered, TIMOTHY LIVINGSTON knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. TIMOTHY LIVINGSTON further agrees to execute any documents necessary to effectuate the forfeiture of said assets. In addition, TIMOTHY LIVINGSTON agrees to submit to a recorded deposition under oath regarding the sources of funds paid to him, directly or indirectly, and their disposition, if requested by this Office.

Immigration Consequences

TIMOTHY LIVINGSTON understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. TIMOTHY LIVINGSTON understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. TIMOTHY LIVINGSTON wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. TIMOTHY LIVINGSTON understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, TIMOTHY LIVINGSTON waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and the Computer Crime & Intellectual Property Section of the Criminal Division of the U.S. Department of Justice and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against TIMOTHY LIVINGSTON. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against TIMOTHY LIVINGSTON.

No provision of this agreement shall preclude TIMOTHY LIVINGSTON from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that TIMOTHY LIVINGSTON's guilty plea or sentence resulted from constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between TIMOTHY LIVINGSTON and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By:

DANIEL SHAPIRO
Assistant U.S. Attorney

WILLIAM A. HALL, JR.
Senior Trial Attorney
Computer Crimes & Intellectual Property Section
Criminal Division
U.S. Department of Justice

Approved:

THOMAS J. EICHER
Chief, Criminal Division

I have received this letter from my attorney, Lorraine Gauli-Rufo. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, forfeiture, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 10/27/16
TIMOTHY LIVINGSTON

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, forfeiture, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 10/27/16
LORRAINE GAULI-RUFO, ESQ.

9

Plea Agreement with TIMOTHY LIVINGSTON

## SCHEDULE A

1.  This Office and TIMOTHY LIVINGSTON agree to stipulate to the following facts:

### Count One

a.  The offense involved 10 or more victims and was committed through mass-marketing, as defined in U.S.S.G. § 2B1.1(b)(2)(a)(i) and 2B1.1(b)(2)(a)(ii).

b.  The offense involved sophisticated means, as defined in U.S.S.G. § 2B1.1(b)(10)(C).

c.  The offense involved the trafficking of unauthorized access devices, as defined in U.S.S.G. § 2B1.1(b)(11)(B)(i).

### Count Two

a.  The offense involved gain to TIMOTHY LIVINGSTON of $1,346,442.

b.  The offense was committed through mass-marketing, as defined in U.S.S.G. § 2B1.1(b)(2)(A)(ii).

c.  The offense was an offense under 18 U.S.C. § 1037 and the offense involved obtaining electronic mail addresses through improper means, as defined in U.S.S.G. § 2B1.1(b)(6).

d.  The offense involved sophisticated means, as defined in U.S.S.G. § 2B1.1(b)(10)(C).

e.  The offense involved the trafficking of unauthorized access devices, as defined in U.S.S.G. § 2B1.1(b)(11)(B)(i).

\* \* \*

2.  Both parties reserve the right to argue their respective positions at sentencing regarding the gain or loss from the conduct described in Count One.

3.  In accordance with the above, and pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that the sentence of 48 months' imprisonment, 24 months on each of Counts One and Two to run concurrently, and 24 months on Count Six to run consecutively, and 3 years of

supervised release for the charges contained in Counts One, Two, and Six of the Superseding Indictment is reasonable under 18 U.S.C. § 3553(a), and neither party will argue for a sentence below or above 48 months' imprisonment and 3 years of supervised release. Furthermore, should the Court reject this agreement, either party may elect to be relieved of the terms of this plea and the parties will be returned to the status prior to the entry of the plea.

4. TIMOTHY LIVINGSTON knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing Court if the sentence imposed is 48 months' imprisonment and 3 years of supervised release. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing Court if the sentence imposed is 48 months' imprisonment and 3 years of supervised release. Furthermore, if the sentencing court accepts the stipulation set forth in Schedule A, both parties waive right to file an appeal, collateral attack, writ, or motion claiming that the sentencing Court erred in doing so.

5. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion not barred by the preceding paragraph.