## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES,** <br><br> v. <br><br> **TIMOTHY LIVINGSTON** <br><br> Defendant. | 2:15-cr-626 (WJM) <br><br><br> **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Defendant Timothy Livingston petitions the Court for a writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651 following his completion of the custodial portion of this Court's February 14, 2017 sentence. ECF No. 97. Mr. Livingston contends that a portion of this Court's sentence requiring that he pay restitution represents a fundamental error of the sort that only the writ of error coram nobis can redress. But because Defendant waived his right to challenge his sentence and failed to raise this challenge earlier, the Court **DENIES** his petition.

### I.  BACKGROUND

On December 11, 2015, the United States Attorney's Office for the District of New Jersey charged Petitioner in a three-count indictment. ECF No. 1. On July 8, 2016, Petitioner was charged in a six-count superseding indictment. ECF No. 35 ("Superseding Indictment"). On October 27, 2016, Petitioner pled guilty to counts one, two, and six of the Superseding Indictment. ECF No. 53. Count one charged Petitioner with conspiracy to commit an offense or defraud the United States in violation of 18 U.S.C. § 371. Count two charged Petitioner with conspiracy to commit fraud and related activity in connection with electronic mail, in violation of 18 U.S.C. § 1037(a)(1) & (3)-(4), (b)(2)(A) & (C)-(E). Count six charged Petitioner with aggravated identity theft, in violation of 18 U.S.C. § 1028(a)(1) & (2). The plea was entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and called for a specific sentence of 48 months' imprisonment — 24 months on each of Counts One and Two to run concurrently, and a consecutive 24 months on Count Six — followed by a 3- year term of supervised release.

On February 14, 2017, the Court imposed sentence, ordered restitution in the amount of $7,070, and provided the following schedule for payment:

> The restitution is due immediately. It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program (IFRP). If the defendant participates in the IFRP, the restitution shall be paid

1

from those funds at a rate equivalent to $25 every 3 months. In the event the entire restitution is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of no less than $100.00, to commence 30 days after release from confinement.

ECF No. 61.  At the sentencing hearing, the Government represented that there was no other restitution except the $7,070 to a Comcast Senior Manager.  ECF No. 82, Tr. 13:25-14:11.

On February 24, 2017, the Government submitted a letter to the Court to request that a date be set to determine restitution for those victims whose losses were not ascertainable by the time of sentencing.  ECF No. 67.  The Court "So Ordered" the Government's letter on February 24, 2017 and signed an amended judgment on February 27, 2017, before the 14-day deadline imposed pursuant to Federal Rule of Criminal Procedure 35(a), that provided as follows:

> Pursuant to 18 U.S.C. § 3664(d)(5), the Court shall set a date for the final determination of restitution, not to exceed 90 days after sentencing. During that time, the government shall provide sufficient information including a listing of all identified victims, mailing addresses, and amounts subject to restitution to fashion a restitution order. The restitution hearing date is set for 5/28/2017.

ECF Nos. 67, 71.  While the Amended Judgment was docketed on March 1, 2017, it was dated February 27, 2017.  ECF No. 71.

On February 28, 2017, Mr. Livingston's then-counsel, Lorraine Gauli-Rufo, sent a letter to Judge Martini objecting to the Government's request to amend the restitution order to add a new claim for $57,459.74 in restitution for Charter Communications Inc.  ECF No. 68.  The Court unilaterally entered a Final Order of Restitution on March 21, 2017, ordering that Mr. Livingston pay $57,459.74 in restitution to Charter Communications in addition to the $7,070.00 to Comcast that was previously ordered.  ECF No. 75.  On March 23, 2017, The Court entered a Second Corrected Amended Judgment as to Timothy Livingston that did not set forth any specific restitution amount.  ECF No. 76.

## II.      STANDARD OF REVIEW

Coram nobis is a writ of "extraordinary remedy" which has five requirements that must be met to obtain relief:

1. the petitioner must no longer be in custody and, therefore, unable to obtain relief through a petition for habeas corpus under 28 U.S.C. § 2255;
2. the petitioner must still suffer "continuing consequences" of his conviction;
3. the error asserted by the petitioner is of the "most fundamental character;"
4. the petitioner had no remedy for the defect at trial; and
5. the petitioner demonstrated "sound reasons" for failing to seek relief earlier.

*United States v. Dwumaah*, 570 Fed. Appx. 193, 195-96 (3d Cir. 2014) (not precedential) (citations and quotations omitted); *see also Mendoza v. United States*, 690 F.3d 157, 159 (3d Cir. 2012). The standard is so strict that "It is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate." *Mendoza*, 690 F.3d at 159 (quoting *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (quoting *United States v. Smith*, 331 U.S. 469, 475 n.4 (1947)).

### III. DISCUSSION

Mr. Livingston asserts that because a letter he received on March 23, 2017 advised him that he was "sentenced to pay a special assessment and fine and/or restitution in the amount of $7,370.000," ECF No. 97-1, he learned for the first time on November 28, 2020, ECF No. 97-2, of the additional Charter Communications restitution amount. Livingston states "I was not advised of the 'Final Order of Restitution' that was entered on March 21, 2017." Livingston Decl. ¶ 6. Mr. Livingston's attorney, who objected to and litigated the additional restitution amount was necessarily aware. Because the Third Circuit "does not apply a timeliness standard for coram nobis that is forgiving of delay and dilatoriness," *Ragbir v. United States*, 950 F.3d 54 (2020), the Court finds that lack of personal knowledge is insufficient when counsel had knowledge of the issue and litigated it.

Even had Defendant lacked any knowledge of the Charter Communications restitution, he has waived his ability to assert a petition for writ of coram nobis against the restitution, an element of his sentence. In his plea agreement, the Defendant agreed to waive his right to file the motion that he makes here. *See, e.g.*, *United States v. Tonogbanua*, 706 Fed. App'x 744, 747 (2017) (not precedential) (defendant's appellate waiver in plea agreement included writ of error coram nobis); *Mena v. United States*, 2014 WL 2208136 at *2 (D.N.J. May 2014) (unpublished) (writ of coram nobis is a collateral attack and was barred by waiver in defendant's plea agreement). The waiver provisions in the plea agreement provide as follows:

> Waiver of Appeal and Post-Sentencing Rights As set forth in Schedule A, TIMOTHY LIVINGSTON knowingly and voluntarily waives the right to file any appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the conviction or sentence imposed by the Court if the plea is accepted and the sentence is imposed in accordance with the terms of this agreement. This Office will not file any appeal, motion or writ which challenges the conviction or sentence imposed by the Court if that sentence is imposed in accordance with the terms of this agreement. Furthermore, if the Court accepts the terms of this plea agreement, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the Court erred in doing so.
>
> \* \* \*

> 4. TIMOTHY LIVINGSTON knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing Court if the sentence imposed is 48 months' imprisonment and 3 years of supervised release. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing Court if the sentence imposed is 48 months' imprisonment and 3 years of supervised release. Furthermore, if the sentencing court accepts the stipulation set forth in Schedule A, both parties waive right to file an appeal, collateral attack, writ, or motion claiming that the sentencing Court erred in doing so.

Plea Agreement, ECF No. 55 at 4, 11. At oral argument, Mr. Livingston acknowledged that he agreed to these provisions. Govt.'s Resp. Ex. A, at 12.

On February 14, 2017, the Court imposed the sentence agreed upon by the parties in the plea agreement, and the waiver provision was therefore triggered. *See* Minutes and Judgment, ECF Nos. 60, 61. The defendant agrees that restitution is a component of his sentence. *See* ECF No. 97 at 9 ("a restitution order is part of a sentence"). Moreover, the waiver of the defendant's right to file collateral attacks on his sentence is enforceable where, as here, it was entered into knowingly and voluntarily. *See U.S. v. Tonagbanua*, 706 Fed. Appx. 744, 747 (3d Cir. 2017). Additionally, because counsel for the defendant previously raised and lost the challenge to the inclusion of the Charter Communications restitution, enforcement of the waiver does not work a miscarriage of justice. *Id*. For these reasons, the Court holds that Defendant's plea agreement bars the filing of a petition for writ of error coram nobis.

### IV.   CONCLUSION

For the foregoing reasons, Defendant Livingston's Petition for Error Coram Nobis, ECF No. 97, is **DENIED**. An appropriate Order follows.

                                                           **WILLIAM J. MARTINI, U.S.D.J.**

**Date:  September ____, 2021**